Ex parte THOMAS J. JORDAN, Trustee.

*New Castle, At Chambers, June, 1873.*

The Court of Chancery has authority to direct the conversion of a trust fund from real estate into personal estate, or *vice versa,* when such conversion. is not in conflict with the will of the testator, expressly or by implication, and is for the interest of the *cestui que trust.*

Upon application for authority to make such conversion, a commission appointed to make an inquiry as to the effect of it and, upon the report of the commision, the authority granted.

PETITION FOR AUTHORITY TO CONVERT TRUST FUNDS FROM PERSONALTY INTO REALTY.—This was a petition by Thomas J. Jordan, trustee under the last will and statement of David C. Wilson deceased. The testator devised the residue of his real estate to be divided into three equal shares, one of which shares he devised to Thomas McCorkle and Thomas J. Jordan, in trust for the separate use of a daughter of the testator, Anna Lathrop, during her natural life, and, after her decease, for her issue

surviving, if any ; but if she should be without issue then in trust for testator's right heirs.  After the death of the testator, partition of his residuary real estate was made, and a portion thereof allotted to the trustees to be held in severalty, subject to the above trusts.  There afterwards came to the hands of the trustees the sum of $12,200, which sum was realized in part from the condemnation of a portion of the real estate for the use of the City of Wilmington and in part from the sale of a portion for the payment of the testator's debts.  The petition is by Thomas J. Jordan, the present sole trustee, (the other trustee having been heretofore discharged from the trusts upon his own petition,) and seeks the sanction of the Court for the investment of the fund in hand, in the erection of eleven dwelling houses upon certain unimproved lots now held under the same trusts, situated at the corner of Spruce and Ninth streets in the City of Wilmington.  The petition states that by reason of the contingent nature of the estates limited under the trusts of the will the lots cannot be leased or rented for enough to pay taxes.  That they are wholly unimproved and yield no income ; that the proposed improvements will render them productive to the trusts and at the same time afford a profitable investment for the money to be applied in making the improvements.  The trustee is joined in the petition by the parties representing two of the three contingent interests arising under the ultimate limitation over to the right heirs of the testator.  The other interest is in Thomas McCorkle and wife, upon whom notice of the petition and of the time and place of preferring it was given.

*T. F. Bayard*, for the petitioner.

THE CHANCELLOR :—

The Court has the authority to order the investment proposed.  The power springs from its general jurisdiction over trusts and trust funds.  It may direct any investment or re-investment which in its judgment will best promote the interests of the *cestuis que trust,* having in view

both the security and the productiveness of the fund ; and it may, in a proper case, direct the conversion of the fund from real estate into personal estate, or *vice versa*. The power is, of course, subject to the will of the testator, and cannot be exercised in conflict with any provision or direction of it, expressed or implied.

The authority to convert real estate into personalty, or to invest personal funds in real estate was largely exercised in the English Court of Chancery in the case of infants, who were the subjects of its jurisdiction. 2 *Sto. Eq. Jur. Sec.* 1357 ; *Ashburton vs. Ashburton,* 6 *Ves. Jr.* 6. The same power has also been exercised in the case of ordinary trusts. In *Webb vs. Shaftsbury,* 6 *Madd.* 100. Trustees under a will were permitted, out of personal funds of the *cestui que trust,* to purchase for his benefit certain real estate contiguous to lands held in trust, and which it would be advantageous to hold therewith. The question whether the purchase could be made without an act of Parliament was adverted to ; but the Vice Chancellor, Sir John Leach, considered that he had jurisdiction to make the order without an act. To the same effect is a case in South Carolina, *Ex parte Calmes,* 1 *Hill (S. C.) Ch.,* 112.

In the present case the proposed investment will be in conflict with no provision of the testator's will but on the contrary is in harmony with it, since it will restore the fund to the condition of real estate, which was the nature of the trust estate as created by the will. I am at liberty therefore to consider what will be for the interest of the *cestuis que trust.*

This is, however, an authority to be exercised with caution and only when clearly required for the benefit of all interested. Under the English practice an inquiry is always directed to be made by a master upon whose

78—DEL. CH. IV.

report the court finally acts.   In the present case I shall direct an inquiry by three commissioners, in order to ascertain, *first*, the value of the unimproved lots in their present condition ; *second*, what will be their value after the proposed improvements are erected, and *third*, what will be the rental value of the lots as improved,   It can then be safely determined whether the improvement of the lots will at the same time render the trust fund more productive for the party entitled during her life and at least equally secure for those prospectively interested.

A commission was directed ; and, upon its report to the Chancellor, an order was made for the investment of the fund in accordance with the prayer of the petition.